IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR - 4 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00333-BNB

KYLE KEITH KILGORE,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO, and
AL ESTEP, Warden,

    Respondents.

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant Kyle Keith Kilgore is a prisoner in the custody of the Colorado Department of Corrections at the Limon, Colorado, correctional facility. Mr. Kilgore has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2005). The Court must construe the application liberally because Mr. Kilgore is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Kilgore will be ordered to file an amended application.

Mr. Kilgore is challenging the validity of his 1994 conviction in the Crowley County District Court for which he is serving a life sentence. He was convicted by a jury on charges of criminal solicitation to commit first-degree murder and as an habitual criminal. He alleges that the judgment of conviction was entered on September 16, 1994. He asserts that on February 20, 1997, the Colorado Court of Appeals affirmed

on direct appeal. He alleges that he petitioned for certiorari review but fails to allege the disposition and date of disposition of his certiorari petition.

He contends that he initiated five postconviction motions pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. However, he fails to provide complete information as to the date of filing each postconviction motion, the disposition and date of disposition in the trial court, the disposition and date of disposition on appeal to the Colorado Court of Appeals, and the disposition and date of disposition on certiorari review to the Colorado Supreme Court. He also fails to allege the reason or reasons each postconviction motion was denied, affirmed, and denied certiorari review. According to the Court's independent research, on May 27, 2004, the Colorado Court of Appeals affirmed an order and on March 7, 2005, the Colorado Supreme Court denied certiorari review. However, the Court is unable to determine, and Mr. Kilgore fails to allege, to what trial court proceeding this affirmance and denial of certiorari review applies.

Mr. Kilgore raises nineteen claims before this Court. Yet he fails to allege which claims were exhausted, if any, on direct appeal or in a postconviction proceeding and, if exhausted in a postconviction proceeding, in which postconviction proceeding. The Court needs this information to determine whether Mr. Kilgore has exhausted state remedies as to his asserted claims as required by 28 U.S.C. § 2254(b)(1) and whether the instant application is filed in a timely manner pursuant to 28 U.S.C. § 2244(d) (Supp. 2005). Therefore, Mr. Kilgore will be order to submit an amended application that clarifies the sketchy information he has provided in the application. The Court will deny the amended application and dismiss the instant action if Mr. Kilgore fails to

provide this necessary information within the time allowed. Accordingly, it is

ORDERED that Mr. Kilgore file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Kilgore, together with a copy of this order, two copies of the following form to be used in submitting the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Kilgore fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED April 4, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00333-BNB

Kyle Keith Kilgore
Prisoner No. 65095
Limon Correctional Facility
49030 State Hwy. 71 – Unit 6
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 4/4/06

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk