IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00333-BNB

KYLE KEITH KILGORE,

Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO, and
AL ESTEP, Warden,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 22 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Applicant, Kyle Keith Kilgore, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Limon, Colorado, correctional facility. Mr. Kilgore filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 2, 2006, the Court denied the amended habeas corpus application and dismissed the action without prejudice because Mr. Kilgore failed to comply with two prior orders directing him to show cause that his amended application was timely under the one-year limitation period in 28 U.S.C. § 2244(d). On March 11, 2008, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) reversed and remanded for further consideration. *See Kilgore v. Attorney General*, 519 F.3d 1084 (10th Cir. 2008). On April 9, 2008, pursuant to the Tenth Circuit's April 2, 2008, mandate, the Court reinstated the instant action.

On May 9, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within thirty days a Pre-Answer Response limited to addressing the affirmative defenses

of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 28, 2008, Respondents filed their Pre-Answer Response. On August 6, 2008, Applicant, after being granted two extensions of time, filed a Reply to the Pre-Answer Response.

The Court must construe liberally the amended application and the Reply because Mr. Kilgore is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended application will be denied.

Mr. Kilgore is challenging his conviction in Crowley County District Court Case No. 93CR30. He was convicted after a jury trial of one count of criminal solicitation to commit murder and five habitual criminal counts, arising from his contract with an undercover agent of the Colorado Bureau of Investigation to kill his wife. On December 15, 1994, the trial court sentenced him to life imprisonment in the DOC. On February 20, 1997, the Colorado Court of Appeals affirmed his conviction and sentence on direct appeal. *See People v. Kilgore*, No. 95CA0166 (Colo. Ct. App. Feb. 20, 1997) (not selected for publication) (*Kilgore I*). On October 6, 1997, the Colorado Supreme Court denied certiorari review. He does not allege that he petitioned for certiorari review in the United States Supreme Court.

On June 19, 1998, Mr. Kilgore filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure alleging ineffective assistance of trial counsel. On March 2, 1999, the trial court held an evidentiary hearing and rejected

Applicant's ineffective assistance claim by written order dated March 5, 1999. On October 12, 2000, the Colorado Court of Appeals affirmed. *See People v. Kilgore*, No. 99CA0737 (Colo. App. Oct. 12, 2000) (not selected for publication) (*Kilgore II*). On April 23, 2001, the Colorado Supreme Court denied certiorari review.

On November 13, 2000, before certiorari was denied in *Kilgore II*, Mr. Kilgore filed a second Colo. R. Crim. P. 35(c) motion alleging ineffective assistance of trial counsel. On December 1, 2000, the trial court denied the motion on its merits and as successive to the claims Mr. Kilgore raised in his first Colo. R. Crim. P. 35(c) motion. On January 12, 2001, Mr. Kilgore appealed that order. On February 26, 2001, the Colorado Court of Appeals granted Mr. Kilgore's motion to dismiss that appeal without prejudice because the appeal in *Kilgore II* was still pending.

Also on January 12, 2001, Mr. Kilgore filed a third Colo. R. Crim. P. 35(c) motion before certiorari was denied in *Kilgore II*. On September 7, 2001, the trial court denied the motion as successive.

On August 29, 2001, Mr. Kilgore filed a fourth Colo. R. Crim. P. 35(c) motion alleging numerous claims of ineffective assistance of counsel. On September 11, 2001, the trial court entered an order denying the motion as successive. In early 2002, Mr. Kilgore appealed from the denial of the motion. On May 27, 2004, the Colorado Court of Appeals affirmed, agreeing that the fourth and third motions were successive, except as to the claim of ineffective assistance of postconviction counsel, which the Court rejected on the merits. *See People v. Kilgore*, No. 02CA0339 (Colo. Ct. App. May 27,

2004) (not selected for publication). On March 7, 2005, the Colorado Supreme Court denied certiorari review.

On February 16, 2006, Mr. Kilgore submitted his original habeas corpus application in this Court. On March 17, 2006, and on May 4, 2006, he filed amended applications. Mr. Kilgore asserts eighteen claims of ineffective assistance of counsel. As previously stated, on November 2, 2006, this Court denied the amended habeas corpus application and dismissed the action without prejudice for Mr. Kilgore's failure to comply with two prior orders. On March 11, 2008, the Tenth Circuit reversed and remanded for further proceedings. *See Kilgore v. Attorney General*, 519 F.3d 1084 (10th Cir. 2008).

On July 9, 2007, during the pendency of the appeal in the instant action, Mr. Kilgore initiated a state habeas corpus action, which the trial court dismissed on the merits on July 16, 2007. On January 28, 2008, the Colorado Supreme Court affirmed.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

>   (C)  the date on which the constitutional right
>   asserted was initially recognized by the
>   Supreme Court, if the right has been newly
>   recognized by the Supreme Court and made
>   retroactively applicable to cases on collateral
>   review; or
>
>   (D)  the date on which the factual predicate of
>   the claim or claims presented could have been
>   discovered through the exercise of due
>   diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Although Mr. Kilgore did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court denied his certiorari petition on October 6, 1997, to do so. *See* Sup. Ct. R. 13. Respondents argue that his conviction became final on January 4, 1998, ninety days after October 6, 1997, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). However, because January 4, 1998, was a Sunday, I find that his conviction actually became final on Monday, January 5, 1998. Mr. Kilgore does not allege that unconstitutional state action prevented him from filing the instant action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he could have discovered the factual

predicate for his claims challenging the validity of his conviction at the time his direct appeal became final on January 5, 1998. Therefore, it appears that the one-year limitation period began to run on January 5, 1998.

On the facts alleged in the application, and in keeping with 28 U.S.C. § 2244(d), Mr. Kilgore should have filed a habeas corpus action in this Court no later than January 5, 1999. The original application was submitted to the Court on February 16, 2006. The application, however, was signed on February 6, 2006. Presuming that the application was placed in the prison mail on February 6, 2006, the Court will deem this action commenced pursuant to the prisoner mailbox rule, *Houston v. Lack*, 487 U.S. 266, 270 (1988), on February 6, 2006, which is over seven years beyond the one-year limitation period. The instant action is time-barred in the absence of some reason to toll the one-year limitation period.

Respondents concede that the one-year limitation period was tolled while the first Colo. R. Crim. P. 35(c) motion, which Mr. Kilgore filed on June 19, 1998, and which was denied certiorari review by the state supreme court on April 23, 2001, was pending in state court. The Court agrees. Therefore, the period from June 19, 1998, until April 23, 2001, does not count against the one-year limitation period.

Next, Mr. Kilgore filed three more overlapping state postconviction motions. The second Colo. R. Crim. P. 35(c) motion was filed on November 13, 2000, while *Kilgore II*, Mr. Kilgore's appeal from the denial of his first Colo. R. Crim. P. 35(c) motion, was pending. Although the trial court lacked jurisdiction over the second motion, which was not "properly filed," *see* 28 U.S.C. § 2244(d)(2), the trial court on December 1, 2000,

denied the motion on the merits and as successive, and the proceeding concluded on December 1, 2000, or at the latest on February 26, 2001, when the state appeals court dismissed the appeal without prejudice, but in any case within the period already tolled by *Kilgore II*, the first Colo. R. Crim. P. 35(c) motion. Mr. Kilgore appealed from the denial of the third and fourth Colo. R. Crim. P. 35(c) motions, filed on January 12, 2001, and on August 29, 2001, respectively, both of which were denied as successive on September 7, 2001, and on September 11, 2001, respectively. As previously stated, on May 27, 2004, the Colorado Court of Appeals affirmed, agreeing that the fourth and third motions were successive, except as to the claim of ineffective assistance of postconviction counsel. Therefore, it appears that the third and fourth postconviction motions tolled the one-year limitation period until March 7, 2005, when the Colorado Supreme Court denied certiorari review. The state habeas corpus action Mr. Kilgore initiated on July 9, 2007, did not toll the one-year limitation period because, as discussed below, it was filed after the limitation period expired.

The 165 days after the one-year limitation period began to run on January 5, 1998, until June 19, 1998, when Mr. Kilgore filed his first Colo. R. Crim. P. 35(c) motion, count against the one-year limitation period. Likewise, the 336 days between March 7, 2005, when the state supreme court denied certiorari review of the denial of the third and fourth Colo. R. Crim. P. 35(c) motions, and February 6, 2006, when the Court deemed Mr. Kilgore filed his original habeas corpus application in this Court, count against the one-year limitation period. Therefore, 501 days count against the one-year limitation period, and the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The Court will consider the arguments raised by Mr. Kilgore in his Reply in the context of equitable tolling. The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Kilgore bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Kilgore alleges that he attempted to initiate a prior habeas corpus action in this Court on August 9, 2005, challenging the validity of the same conviction he is challenging in the instant action. *See Kilgore v. Estep*, No. 05-cv-01519-ZLW (D. Colo. Nov. 21, 2005). However, the dismissal without prejudice of his first federal habeas application did not toll the running of the one-year limitation period in the instant action. *See Duncan v. Walker*, 533 U.S. 167, 181-81 (2001) (holding than an application for federal habeas review does not statutorily toll the limitations period under § 2244(d)(2)).

In any case, the Court dismissed No. 05-cv-01519-ZLW without prejudice on November 21, 2005, because Mr. Kilgore failed to cure a deficiency in that action.

More specifically, Mr. Kilgore failed within the time allowed to submit a habeas corpus application. Mr. Kilgore was advised by an order filed on August 9, 2005, that he was allowed thirty days in which to submit the habeas corpus application. He was granted two extensions of time on September 7, 2005, and on October 5, 2005, in which to cure the designated deficiency. However, he failed within the time allowed to submit a habeas corpus application. Instead, he filed a motion for stay and abeyance, which the Court denied by minute order on October 17, 2005. Mr. Kilgore did file a motion to reconsider on November 21, 2005, in No. 05-cv-01519-ZLW asking for reconsideration of the October 17, 2005, minute order. The Court denied reconsideration on November 28, 2005. Mr. Kilgore did not appeal.

The Court finds that Mr. Kilgore's efforts in No. 05-cv-01519-ZLW do not demonstrate either the existence of an extraordinary situation when circumstances beyond his control prevented him from filing a timely application for a writ of habeas corpus or diligent efforts to pursue his claims. To the extent Mr. Kilgore asserts that his failure to cure the deficiency in No. 05-cv-01519-ZLW was caused by a justifiable excuse or excusable neglect, the assertion is not sufficient to support equitable tolling. *See Gibson*, 232 F.3d at 808. Therefore, the Court finds that Mr. Kilgore has failed to demonstrate that equitable tolling is appropriate in this action. The instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss the instant action as time-barred, Respondents' argument that Mr. Kilgore's habeas corpus application must be dismissed as a mixed petition containing both exhausted and unexhausted claims need not be addressed. Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 19 day of Sept., 2008.

BY THE COURT:

*(signature)*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00333-BNB

Kyle Keith Kilgore
Prisoner No. 65095
Limon Correctional Facility
49030 State Hwy. 71 - LU3
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/22/06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk